DE LA TORRE & RAMÍREZ, demandante y apelada, *v.* JOSEFA, conocida por JOSEFINA BENGOECHEA Y MACÍAS, demandada y apelante.

No. 5933.—*Sometido:* Enero 24, 1933. *Resuelto:* Febrero 16, 1933.

544

*Pellón & Ayuso,* abogados de la apelante; *De la Torre & Ramírez* y *J. Martínez Dávila,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado en 1919 (Leyes de ese año, pág. 675–677) provee que: "Cuando sea necesario para una correcta inteligencia y resolución del asunto, que algún mapa, documento original o *exhibit* de cualquier clase, que no sea susceptible de reproducción por medio de copia, fotografía o de otro modo, sea presentado al examen e inspección de la Corte Suprema, se hará una descripción del mismo, y el secretario de la corte *a quo* después de autenticar dicho mapa o documento original o *exhibit,* bajo su firma y sello de la corte, remitirá el mismo al Secretario de la Corte Suprema, haciendo constar que se ha hecho parte del récord del asunto." También dispone que la exposición del caso o transcripción de la evidencia sean corregidas y aprobadas por el juez de distrito.

En el presente caso la demandada alegaba que cierta rebaja ascendente a algo más de quince mil dólares había sido hecha por uno de los miembros de la sociedad deman-

dante de su propio puño y letra al pie de una cuenta rendí- dale por honorarios profesionales. Un perito calígrafo de- claró extensamente como testigo de la demandada en relación con ciertos detalles de parecido o similaridad entre el manus- crito que aparecía en el documento en controversia y las mismas palabras y números según aparecían en varios otros manuscritos cuya autenticidad era indisputable. Todos los documentos mencionados por este testigo habían sido ofre- cidos como prueba y copiados por el taquígrafo en la trans- cripción. Cuando ésta fué sometida al juez de distrito para su aprobación, la parte apelante solicitó que estos documentos originales fueran hechos parte del legajo de la sentencia. Esta súplica fué declarada sin lugar por el juez de distrito fundándose en que los documentos habían sido copiados en la transcripción.

El objeto de la súplica, según manifestó la apelante en la corte inferior, era colocar a este tribunal en la misma posición en que lo estaba el juez sentenciador al dictaminar y resolver sobre la declaración dada por el perito calígrafo. El hecho de que los documentos que incuestionablemente eran genuinos hubieran sido copiados en la transcripción no era óbice para que no se permitiera que éstos formaran parte del legajo de la sentencia. Es cuestión distinta el hecho de si por alguna otra razón debieron o no haber formado parte de tal legajo. Es cuestión que no puede ser determinada por esta corte con los datos que aparecen en los autos. Es cuestión que no fué resuelta por el juez sentenciador, y es cuestión que debe' ser resuelta por él en primera instancia. Desde luego, pudieron tomarse fotografías de los originales, mas no vemos razón alguna para que la apelante tenga que incurrir en tales molestias y gastos innecesarios. Una copia escrita a máquina sería inservible para cualquier objeto en apelación.

*La resolución apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*